UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUN 6 2001

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| INDIVIDUAL REFERENCE )<br>SERVICES GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL TRADE COMMISSION, )<br>et al., )<br>)<br>Defendants. ) | Civil Action No.: 00-1828 (ESH) |

## MEMORANDUM OPINION

On May 25, 2001, plaintiff Individual Reference Services Group ("IRSG") moved for an injunction pending appeal. Plaintiff seeks to stay only those portions of the Court's Order of April 30, 2001 dealing with "credit header" information. Defendants oppose this injunction, having filed their opposition on June 5. Since the regulations at issue are scheduled to go into effect next month, the Court is addressing this matter as quickly as possible so as to permit plaintiff the opportunity to seek expedited appellate review. For the reasons stated below, the Court denies plaintiff's request for an injunction pending appeal.

A district court may grant a stay pending appeal pursuant to Fed R. Civ. P. 62(c) upon a showing by the applicant (1) of a likelihood of success on the merits; (2) that it will be irreparably harmed if a stay is not granted; (3) that a stay will not injure any other parties to the lawsuit; and (4) that the stay furthers the public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Cuomo v. U.S. NRC, 772 F.2d 972, 974 (D.C. Cir. 1985). Plaintiff fails to meet this test.



54

First, plaintiff cannot demonstrate a likelihood of success on the merits. Although it was noted in the Memorandum Opinion of April 30, 2001 ("Opinion") that interpreting the key phrase "personally identifiable financial information" in the Gramm-Leach-Bliley Act (the "GLB Act"), 15 U.S.C. § 6801 et seq., presented a "challenging question" (Opinion at 26), this recognition does not translate into a likelihood of success on the merits. In that Opinion, the Court carefully considered plaintiff's arguments but found that phrase to be ambiguous, and applying Supreme Court precedent, that defendants' interpretation was reasonable and entitled to deference. Similarly, the Court found that defendants' challenged regulations did not violate the "savings clause" of the Act. (Opinion at 47.) Plaintiff has offered no new arguments but rather rehashes arguments already made and rejected.

Second, plaintiff has not shown that it will be irreparably harmed if a stay is not granted. IRSG must show that without injunctive relief, it will suffer harm that is not compensable by money damages. Express One Int'l, Inc. v. USPS, 814 F. Supp. 87, 91 (D.D.C. 1992). The destruction of a business in its current form, for example, is sufficient to meet this standard. Washington Metro. Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977). Plaintiff's alleged harm, however, falls woefully short. Even plaintiff admits, for example, that more than 80% of the information found in credit headers is available from other public sources. (Declaration of Jennifer Barrett ¶ 9.) In addition, plaintiff still has access to all credit header data received prior to July 1, 2001, the date on which defendants' regulations are to take effect. At worst, therefore, the harm suffered by plaintiff will be gradual. In short, the declarations that IRSG provides in support of its motion fail to provide sufficient proof to justify a finding of irreparable harm.

Third, the public interest does not favor a stay. While the Court notes that plaintiff has raised several examples where its use of credit header data favors the public interest, these are outweighed by the well-documented opinions of defendants – as well as Congress, in enacting the GLB Act – that the challenged regulations serve the public interest by protecting the personal information of consumers. In fact, both the undersigned Court and the Court of Appeals for this Circuit have noted that the interest served by this Act is "substantial" for the purpose of First Amendment scrutiny. Trans Union v. FTC, 245 F.3d 809, 818 (D.C. Cir. 2001).

## CONCLUSION

For the aforementioned reasons, the Court denies plaintiff IRSG's motion for an injunction pending appeal. A separate order accompanies this opinion.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Dated: 6/6/01